ROYAL INDEMNITY CO. *v.* KEITH, et ux.

Feb. 4, 1952.

No. 38224 (56 So. (2d) 711)

**Fant & Bush,** for appellant.

252

Chester L. Sumners, R. L. Smallwood, Jr., and H. N. Clayton, for appellees.

## Hall, J.

Appellees brought suit for the recovery of medical and hospital benefits alleged to be due under a certificate of insurance issued by appellant. The case was tried before the circuit judge without a jury and judgment entered for appellees in the sum of $1901.95, the amount sued for. Hence this appeal.

There is no dispute as to the facts. Mrs. Keith was seriously injured while riding in an automobile operated by her husband and her medical, hospital and nurse's bills were in the amount of the recovery. The question presented is whether appellant insured against the stated peril, and on this feature there is likewise no dispute.

Mr. Keith was employed by Singer Sewing Machine Company. Appellant issued to that company and its affiliated industries a master insurance policy whereby they were protected against damages for bodily injury liability with limits of $5,000 to each person and $10,000 for each accident and property damage liability with a limit of $5,000 for each accident, and "Medical Payments As Per Certs." It is undisputed that "Certs." means "Certificates." The master policy provided that it should apply to automobiles owned by employees of the insured who have authorized local managers of the insured to procure the same and to whom certificates are issued. A certificate was issued to Mr. Keith, which gives his name and address and a description of his auto-

mobile, and this certificate specifically insures him against bodily injury liability and property damage liability in the above stated amounts, but it is entirely silent as to any indemnity for medical and hospital payments. The certificate shows that his premium for the bodily injury liability was $26 and for the property damage liability $14.50, and it further shows that the total premium paid was $40.50. It shows no payment of any premium for indemnity for hospital and medical expenses.

The vice president of appellant company testified, and it is undisputed, that if Mr. Keith had desired indemnity for medical and hospital payments he could have applied for the same and the company would have attached to the certificate a printed endorsement, the form of which is in evidence, whereby the company would have afforded this protection in the amount of $500 upon payment of an additional premium of $5 or in the amount of $1,000 upon payment of an additional premium of $7. It is undisputed that no such additional premium was paid and no such endorsement was attached to Mr. Keith's certificate. It is patent from the record before us that Mr. Keith never applied for, never paid any premium for, and never obtained any coverage or indemnity whatsoever for medical and hospital payments and that consequently the appellant has never assumed any liability therefor. The judgment of the learned trial court must therefore be reversed and a judgment entered here for appellant.

Reversed and judgment here.

**Alexander, Lee, Kyle** and **Arrington, JJ.**, concur.